**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0463-18T2

ANDRE GREEN,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 3, 2019 – Decided October 18, 2019

Before Judges Koblitz and Mawla.

On appeal from the New Jersey Department of Corrections.

Andre Green, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Beonica A. McClanahan, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Andre Green is confined to Northern State Prison. He appeals from an August 27, 2018 decision by the New Jersey Department of Corrections (DOC), finding him guilty of *.204: use of any prohibited substances, such as drugs, not prescribed. As a result of the infraction, Green received 180 days of administrative segregation, sixty days loss of commutation time, and ten days loss of recreation privileges. We affirm the finding of the infraction, but vacate and remand the sanction for the DOC to reconsider and supply reasons for the new sanction imposed.

On August 6, 2018, Green was randomly selected for a urine drug screen, pursuant to the DOC's monthly testing policy. The DOC sent Green's urine specimen to a diagnostic laboratory and test results confirmed the specimen tested positive for THC.[1] Green was charged and served with disciplinary infraction *.204. The DOC investigated and referred the matter to a hearing officer. Green testified at the hearing and denied using marijuana. He was shown the evidence the hearing officer relied upon, but did not cross-examine the DOC witnesses. The hearing officer found Green guilty of the infraction

---

[1] THC or Delta-9-tetrahydrocannabinol is the main ingredient that produces the psychoactive effect in marijuana. Marijuana, DEA (Oct. 7, 2019, 2:13 PM), https://www.dea.gov/factsheets/marijuana.

and sanctioned him.  Green filed an administrative appeal and the assistant superintendent upheld the hearing officer's decision.

Our role in reviewing a prison disciplinary decision is limited.  Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010).  In general, the decision must not be disturbed on appeal unless it was arbitrary, capricious, or unreasonable, or lacked the support of "substantial credible evidence in the record as a whole."  Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citation omitted).

On appeal, Green argues the DOC violated due process by failing to grant him access to his test results.  He also argues the guilty finding was arbitrary and capricious.

We reject Green's due process argument.  N.J.A.C. 10A:4-9.15(b) states "evidence relied upon in making a determination shall be specified on the Adjudication of Disciplinary Report form."  Pursuant to Avant v. Clifford, the DOC complied with its obligations because Green received notice of the charges, and was afforded assistance of a counsel substitute at the hearing.  67 N.J. 496, 523, 536 (1975).  He was able to see the evidence the hearing officer relied upon and the officer's adjudication report, setting forth the statements and reports relied upon to adjudicate the infraction.

A-0463-18T2

Green's argument that the infraction adjudication was arbitrary, capricious, or unreasonable is unsupported by the record. N.J.A.C. 10A:4-9.15(a) states an adjudication of an infraction must be supported by substantial evidence. "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). The positive THC test results, confirmed by an independent laboratory, constituted substantial evidence of Green's guilt. For these reasons, we affirm the finding of an infraction.

Notwithstanding, the record lacks an adequate explanation for the sanctions imposed on Green. The hearing officer only stated Green needed to "be held accountable for [his] actions[]" and cited the general need "to deter use of CDS,[2] while promoting a safe[,] secure [and] orderly facility." Although Green does not raise the adequacy of the reasons given for the sanction as a basis for reversal on this appeal, he raised the issue in his administrative appeal from the hearing officer's findings. In response, the assistant superintendent stated: "The sanction imposed was proportionate to the offense. No leniency will be afforded to you."

---

[2] Controlled dangerous substances.

A-0463-18T2

The 180 days administrative segregation sanction imposed for Green's marijuana use was the maximum permitted for such an offense. N.J.A.C. 10A:4-4.1(a)(2). The DOC offered no explanation of how the maximum days in administrative segregation, in addition to the two other categories of sanctions imposed on Green, were "proportionate to the offense."

The DOC must provide an inmate with individualized reasons for the specific sanctions imposed. Mejia v. N.J. Dep't of Corrs., 446 N.J. Super. 369, 378-79 (App. Div. 2016). The DOC must articulate the factors considered in the imposition of sanctions, so we may perform our review of "whether a sanction is imposed for permissible reasons." Id. at 379; see also N.J.A.C. 10A:4-9.17(a) (providing factors to individualize particular sanctions). For these reasons, we remand for a reconsideration of the imposed sanctions.

Affirmed in part, vacated and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0463-18T2